UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23967-BLOOM/Otazo-Reyes

MICHAEL P. ROONEY,

    Plaintiff,

v.

MERCEDES BENZ FINANCIAL
SERVICES,

    Defendant.
_____/

**SECOND ORDER ON *PRO SE* FILINGS**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 30, 2023, the Court ordered in part that Plaintiff Michael P. Rooney's Proof of Service, ECF No. [7], be stricken for failure to comply with the Federal Rules of Civil Procedure and the Court's Order Providing Instructions, ECF No. [6]. *See* ECF No. [11] at 2 (striking Proof of Service in part because Plaintiff purportedly effected service personally); *see also* Fed. R. Civ. P. 4(c)(2) (providing that any person who is at least 18 years old and not a party may serve a summons and complaint). On November 1, 2023, Plaintiff filed a second Proof of Service and attached a Domestic Return Receipt indicating that on October 20, 2023, "Gary" signed for correspondence containing a summons in this action at Mercedes Benz Financial Service, 35555 W Twelve Mile Rd Ste 100, Farmington, Michigan 48331. A review of the record in this action indicates that Defendant is a corporation. To date, Defendant's counsel has not entered an appearance in this case.

    Federal Rule of Civil Procedure 4(h) provides that:

    service upon a domestic or foreign corporation that has not waived service, shall be

> effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) states in turn that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ." Fed. R. Civ. P. 4(e)(1).

The district court is in Florida. In relevant part, Florida Statutes § 48.081 provides that:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
>> (a) On the president or vice president, or other head of the corporation;
>>
>> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>>
>> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>>
>> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

Alternatively, service can also be effected on a designated agent under § 48.091. Fla. Stat. § 48.081(3).

"For service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the statutorily prescribed superior classes of persons who may be served." *Lantieri v. Mastergas USA, Inc.*, No. 19-CV-60128, 2019 WL 5260251, at *2 (S.D. Fla. July 16, 2019) (quoting *Garcia v. Airport Book & Video, Inc.*, No. 07-20210-CIV, 2007 WL 2446870, at *2 (S.D. Fla. Aug. 23, 2007) (citation and quotation omitted), (granting motion to set aside default judgment where service of process was improper)), *report and recommendation*

Case No. 23-cv-23967-BLOOM/Otazo-Reyes

*adopted*, No. 19-60128-CIV, 2019 WL 5260101 (S.D. Fla. July 31, 2019).

Here, there is no indication that "Gary" is any of the individuals who are authorized to receive service under the Federal Rules or the Florida Statutes. To the extent "Gary" is an agent or employee of Defendant, there is no showing of the absence of the statutorily prescribed superior classes of persons who may be served. Moreover, Plaintiff has not otherwise indicated that he has effected service properly in accordance with Michigan law.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. **By November 21, 2023**, Plaintiff shall file a notice on the docket clarifying whether Plaintiff has properly effected service in accordance with Michigan law. If Plaintiff fails to file such notice, the Court may impose sanctions, including dismissal of this action without prejudice and without further notice.

2. If service was not adequately perfected under Michigan law, Plaintiff must perfect service of the summons and complaint upon Defendant under Federal Rule of Civil Procedure 4(m) within 90 days after the filing of the complaint: **by January 15, 2024**. Otherwise, failure to effectuate service of a summons and the complaint on Defendant by the stated deadline will result in dismissal without prejudice and without further notice.

3. The Court again reminds Plaintiff that he is required to comply with the Federal Rules of Civil Procedure, the Local Rules, and this Court's Orders. *See* ECF No. [6]; *cf. GJR Invs., Inc. v. Cty. of Escambia,* 132 F.3d 1359, 1369 (11th Cir. 1998) (explaining that, although courts construe *pro se* filings liberally, "this leniency does not give a court license to serve as de facto counsel for a party[.]") (internal citation omitted), *overruled in part on other grounds as recognized* in *Randall v. Scott*, 610 F.3d 701, 709 (11th

Case No. 23-cv-23967-BLOOM/Otazo-Reyes

Cir. 2010). Failure to do so may also result in dismissal without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Michael P. Rooney
3060 NE 190TH ST
APT 202
Aventura, FL 33180